**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ramon CHAN–ASTORGA, Defendant—**
**Appellant.**

No. 01–50592.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2005.

Decided March 9, 2005.

David P. Curnow, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Casey Donovan, San Diego, CA, for Defendant–Appellant.

Before: HUG, FERGUSON, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Petitioner Ramon Chan–Astorga ("Chan") appeals his conviction and sentence for conspiracy to distribute marijuana, 21 U.S.C. §§ 841(a)(1) and 846, possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), and aiding and abetting, 18 U.S.C. § 2. He contends that the District Court erred when it applied a firearm enhancement to his sentence and when it failed (1) to dismiss the indictment against him on the ground that Respondent (the "Government") acted in bad faith by destroying materially exculpatory evidence, (2) to sever his case from his co-defendant's, (3) to bar certain hearsay evidence related to his co-defendants at trial, (4) to reduce his sentence based upon his minimal role in the crime. He further contends that 21 U.S.C. §§ 841 and 846 are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

We have jurisdiction under 28 U.S.C. § 1291. For the following reasons, we AFFIRM Chan's conviction and RE-MAND for re-sentencing.

  \*    \*    \*    \*    \*    \*

### I.

We review de novo whether Chan's due process rights were violated by the Government's failure to preserve potentially exculpatory evidence. *United States v. Cooper*, 983 F.2d 928, 931 (9th Cir.1993). We review de novo as well the District Court's denial of Chan's motion to dismiss the criminal indictment, *id.*, and review for an abuse of discretion the District Court's formulation of jury instructions. *United States v. Franklin*, 321 F.3d 1231, 1240–41 (2003).

The Government destroyed the 3,339 pounds of marijuana in bad faith. First, it notified Chan five days after the discovery of the marijuana that the marijuana would be destroyed absent a written request to preserve it. This suggests that the Government was aware of the marijuana's apparent value for Chan. *See California v. Trombetta*, 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) (holding that the government violates a defendant's right to due process if the destroyed evidence possessed "exculpatory value that was apparent before the evidence was destroyed"). Second, pursuant to the Government's notification, Chan sought through discovery production of all evidence seized as a result of any search. He sent his individual discovery request on May 12, 2000 and also joined in the discovery requests of his co-defendants. But the Government failed to respond to any such requests despite knowing the potential value of the marijuana for Chan. *See Arizona v. Youngblood*, 488 U.S. 51, 56, n. \*, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) (noting that "bad faith" turns on the government's "knowledge of the exculpatory value of the evidence at the time it was ... destroyed").

■ The Government's bad faith destruction of the marijuana, however, does not necessitate the dismissal of Chan's indictment altogether. A "dismissal of an indictment is an appropriate sanction for a constitutional violation only where less drastic alternatives are not available."

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*United States v. Kearns,* 5 F.3d 1251, 1254 (9th Cir.1993) (citation omitted). For example, a court may provide a limiting jury instruction to cure any resulting prejudice from destroyed evidence. *See United States v. Carreno,* 363 F.3d 883, 888–89 (9th Cir.2004), *rev'd on other grounds by* —— U.S. ——, 125 S.Ct. 1000, 160 L.Ed.2d 1000 (2005).

The District Court did not abuse its discretion in issuing a limiting jury instruction to sanitize any resulting prejudice towards Chan from the Government's destruction of the marijuana. The destroyed marijuana was not the type of "powerful, weighty evidence" necessary to proving Chan's innocence. *Cf. Cooper,* 983 F.2d at 932 (finding that certain glassware and chemical equipment seized from a methamphetamine lab, and subsequently destroyed by the government, were necessary to proving defendants' innocence). There was clearly other evidence admitted to the jury apart from the marijuana itself that established Chan's guilty possession of the marijuana. For example, the police claimed that they could smell marijuana in the truck at the time of Chan's arrest and observed seeds and marijuana residue in the utility boxes affixed to the bed of the truck. Moreover, the District Judge's instruction expressly presumed "bad faith" on the part of the Government. *Id.* (finding inadequate a proposed limiting jury instruction which did not stipulate the government's bad faith destruction of evidence and which "cheat[ed] [defendants] out of the opportunity to establish the weight of their claim").

## II.

The District Court's denial of Chan's motion for severance is reviewed for an abuse of discretion. *United States v. Vargas–Castillo,* 329 F.3d 715, 722 (9th Cir. 2003). A trial court's denial of a motion to sever "will seldom be disturbed." *United States v. Ponce,* 51 F.3d 820, 831 (9th Cir.1995) (citation omitted). The test for abuse of discretion is "[whether a] joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in just one way ... by ordering a separate trial." *United States v. Johnson,* 297 F.3d 845, 855 (9th Cir.2002) (citation omitted).

■ The denial of Chan's motion to sever did not deprive him of his Sixth Amendment right to cross-examine an adverse witness, as Chan contends. In *United States v. Angwin,* 271 F.3d 786 (9th Cir. 2001), this Circuit held that the admission of a statement by a non-testifying co-defendant could only violate the Confrontation Clause when that statement "facially, *expressly,* clearly, or powerfully implicat[ed] the defendant." 271 F.3d at 796 (emphasis added). Here, the admitted statements by Chan's co-defendant, Hector Mercado ("Mercado"), did not refer to Chan by name at all. Mercado's statements spoke to his involvement with a drug smuggling organization and his denial of any knowledge of the marijuana in the trailer itself. By Chan's own admission, any resulting prejudice towards him is entirely implicit and does not meet the standard articulated in *Angwin.*

## III.

We review de novo violations of the Confrontation Clause. *Lilly v. Virginia,* 527 U.S. 116, 136–37, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). In *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004), the Supreme Court clarified the scope of the Confrontation Clause holding that where out-of-court "testimonial" evidence was at issue, the Sixth Amendment did not permit such evidence to be admitted against the accused, regardless of its reliability, unless the wit-

ness was unavailable and the defendant had a prior opportunity for cross-examination. If the out-of-court evidence is not testimonial, however, the rule announced in *Crawford* is inapplicable. *See Leavitt v. Arave*, 383 F.3d 809, 830 n. 22 (9th Cir. 2004).

The admitted evidence Chan contests is not testimonial in nature. DEA agent Kenneth Henry testified at trial as to the contents of his investigation of Mercado's drug trafficking activities. He spoke about his recovery of a business card and drug ledger from Chan's co-defendants. He did not testify as to what Chan's co-defendants said to him. Chan mischaracterizes the admitted business card and drug ledger as testimonial. The *Crawford* Court itself excludes from the definition of "testimonial" such hearsay evidence as business records or statements in furtherance of a conspiracy. 124 S.Ct. at 1367. *See also Leavitt*, 383 F.3d at 830 n. 22 (noting that voluntary statements made by a victim to police, without the stress of interrogation, were not testimonial for purposes of *Crawford* ).

## IV.

Pursuant to U.S.S.G. § 2D1.1(b)(1), the District Judge applied a two-point enhancement to Chan's sentence due to the presence of firearms at the home of his co-defendants. The enhancement increased Chan's base offense level, resulting in a sentence of 168 months. The District Judge also refused to grant a four-point downward departure for minimal role in the crime under U.S.S.G. § 3B1.2. Because it is unclear whether the District Judge would have imposed a two-point enhancement and/or granted a four-point downward departure had he known that the Sentencing Guidelines were advisory and not mandatory in light of the Supreme Court's decisions in *United States v. Book-*er, No. 04–104, and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Chan's sentence must be recalculated.

## V.

Chan's contention that 21 U.S.C. §§ 841 and 846 are facially unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and that *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) overrules *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.2002) (en banc), *cert. denied*, 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002), is foreclosed by *United States v. Hernandez*, 322 F.3d 592, 600 (9th Cir.2003), *cert. denied*, 540 U.S. 1103, 124 S.Ct. 1036, 157 L.Ed.2d 886 (2004).

## VI.

For the foregoing reasons, we AFFIRM Chan's conviction. We vacate Chan's sentence and REMAND to the District Court for resentencing in light of *Booker* and *Fanfan*. In resentencing, we instruct the District Court to consider the Government's bad faith destruction of the marijuana and to reconsider its imposition of the firearm enhancement and its decision not to grant a downward departure for minimal role in the crime.

**AFFIRMED. VACATED AND REMANDED FOR RESENTENCING.**